IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| **FRED HAYNES**<br>4301 Hodgson Avenue<br>Cleveland, Ohio 44109<br><br>and<br><br>**SHANNON MONEYPENNY**<br>4301 Hodgson Avenue<br>Cleveland, Ohio 44109<br><br>Plaintiffs,<br><br>-vs-<br><br>**SHANE SLATER**<br>4016 West 119th Street<br>Cleveland, Ohio 44135<br><br>and<br><br>**HAROLD LORA**<br>4016 West 119th Street<br>Cleveland, Ohio 44135<br><br>Defendants. | CASE NO.:<br><br>JUDGE:<br><br><br>**COMPLAINT**<br><br>**(Jury Demand Endorsed Hereon)** |

COMES NOW Plaintiffs, Fred Haynes ("Plaintiff Haynes") and Shannon Moneypenny ("Plaintiff Moneypenny") (collectively, "Plaintiffs"), by and through undersigned counsel, and for their Complaint against Defendants, Shane Slater ("Defendant Slater") and Harold Lora ("Defendant Lora") (collectively, "Defendants"), state as follows:

I.  **INTRODUCTION**

1.      On December 29, 2020, Plaintiffs were stopped in their vehicle by Defendants— police officers for the Linndale Police Department—after Defendants alleged that they had witnessed the Plaintiffs' vehicle fail to stop at stop sign.

2.    During this relatively routine traffic stop, Plaintiff Haynes did not immediately comply with Defendant Slater's request that Plaintiff Haynes exit the vehicle.

3.    This angered Defendants, leading Defendant Slater to violently bash out the front driver's side window of the vehicle in which Plaintiffs were seated, cursing in the process.

4.    Defendant Slater then arrested Plaintiff Haynes violently and excessively.

5.    Defendants then arrested Plaintiff Moneypenny without probable cause or suspicion of Plaintiff Moneypenny having committed a criminal offense.

6.    Plaintiff Haynes alleges that Defendants violated his Fourth and Fourteenth Amendment rights by using excessive force to arrest Plaintiff Haynes, in violation of the Fourth and Fourteenth Amendments.

7.    Plaintiff Moneypenny alleges that Defendants violated her Fourth and Fourteenth Amendment rights by falsely arresting her without probable cause.


II.    **VENUE**

8.    Venue is proper in this Court as the Defendants conducted the activity that gave rise to the Plaintiffs' claim for relief entirely within Cuyahoga County, Ohio.


III.    **PARTIES**

9.    Plaintiff Haynes is/was a resident of the City of Cleveland, County of Cuyahoga, State of Ohio, at all times relevant to this action.

10.    Plaintiff Moneypenny is/was a resident of the City of Cleveland, County of Cuyahoga, State of Ohio, at all times relevant to this action.

11.    At all times relevant to this action, upon information and belief, Defendant Slater

is/was a natural person residing in Cuyahoga County, State of Ohio.

12.     At all times relevant to this action, Defendant Slater is/was a police officer(s) for the City of Linndale Police Department, located in Cuyahoga County, State of Ohio.

13.     Defendant Slater is sued herein in both his official and individual capacity.

14.     At all times relevant to this action, upon information and belief, Defendant Lora is/was a natural person residing in Cuyahoga County, State of Ohio.

15.     At all times relevant to this action, Defendant Lora is/was a police officer for the City of Linndale Police Department, located in Cuyahoga County, State of Ohio.

16.     Defendant Lora is sued herein in both his official and individual capacity.


## IV.    FACTS

17.     All preceding paragraphs in this Complaint are incorporated as if fully re-written herein.

18.     On December 29, 2020, at approximately 6:50 pm, Defendants Lora and Slater were patrolling in a shared marked vehicle, when they observed a maroon Chevrolet Impala vehicle traveling through the intersection of Avenue of Peace and West 120th Street, in Linndale, Ohio.

19.     The Chevrolet vehicle then made a right turn onto West 119th Street, pulling into the driveway of a residence located at 4021 West 119th Street.

20.     Defendants Lora and Slater activated their emergency lights and siren and initiated a traffic stop in the driveway of that residence.

21.     Defendant Lora made initial contact with Plaintiff Haynes, the driver of the Chevrolet vehicle.

22.     Plaintiff Haynes identified himself to Defendant Lora, providing his name and

identifying information.

23.    A few minutes later, Defendant Slater approached Plaintiff Haynes, who was still seated peacefully in his vehicle with his single passenger—Plaintiff Moneypenny—in the front passenger seat.

24.    Defendant Slater asked Plaintiff Haynes to step out of the vehicle, and Plaintiff Haynes refused to do so, asking Defendant Slater why he would be required to step out of the vehicle during a traffic stop.

25.    Defendant Slater refused to explain to Plaintiff Haynes why he was asking Plaintiff Haynes to exit the vehicle.

26.    And then, suddenly, Defendant Slater brutally punched open the driver side front window of the vehicle, spraying glass onto Plaintiff Haynes' face and body.

27.    Defendant Slater pointed his handgun into Plaintiff Haynes' face from only a few feet away, all while cursing at Plaintiff Haynes and ordering Plaintiff Haynes to exit the vehicle. Defendant Slater yelled obscenities at Plaintiff Haynes in a loud, abusive manner.

28.    As Plaintiff Haynes exited the vehicle, Defendant Slater grabbed Plaintiff Haynes' left arm and physically threw Plaintiff Haynes onto the nearby ground.

29.    Defendant Slater forcibly placed handcuffs on Plaintiff Haynes, requiring Plaintiff Haynes to lay face down on the cold, icy ground.

30.    Defendant Slater then falsely seized and arrested Plaintiff Moneypenny, who was only a passenger in the vehicle, and had committed no traffic violation or crime on the date in question, and did not resist or interfere with Defendants' investigation in any way.

31.    Against the will of Plaintiff Moneypenny, Defendant Slater placed Plaintiff Moneypenny in double-locked handcuffs, physically forcing her to sit in the rear of Defendant

Slater's police vehicle, where the door was closed and locked so that Plaintiff Moneypenny was not free to leave.

32.     Defendant Slater forced Plaintiff Moneypenny to remain in Defendant Slater's patrol vehicle while he drove his vehicle to the Linndale Police Department station. Again, this was all done against the will of Plaintiff Moneypenny, and without her consent.

33.     Defendant Lora assisted Defendant Slater in the arrest and transport of Plaintiff Moneypenny, doing nothing to intervene in the false arrest.

34.     Any and all misconduct of the Defendants as described above is asserted to be a violation of the Fourth Amendment and/or the Fourteenth Amendment to the United States Constitution and is enforceable against these Defendants per the dictates of 42 U.S.C. § 1983.

## V.    CAUSES OF ACTION

### COUNT I
### *Fourth/Fourteenth Amendment Violation: Excessive Force, 42 U.S.C. § 1983*
### Plaintiff Haynes vs. Defendant Slater

35.     All preceding paragraphs are incorporated as if fully re-written herein.

36.     Defendant Slater's use of force during the arrest of Plaintiff Haynes on December 29, 2020, as detailed above, was excessive, objectively unreasonable, and in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

37.     Defendant Slater arrested Plaintiff Haynes for the purpose of showing dominance, punishing, or otherwise insulting Plaintiff Haynes.

38.     To accomplish the unlawful arrest of Plaintiff Haynes, Defendant Slater violently shattered a glass window, sending shards of glass onto and around Plaintiff Haynes' body in the process.

39.     Thereafter, Defendant Slater grabbed Plaintiff Haynes and forced him to the cold, icy ground, where Plaintiff Haynes was handcuffed behind the back.

40.     All of the above was done during the course of a relatively routine traffic stop in which it was alleged that Plaintiff Haynes had failed to stop at a stop sign.

41.     The arrest of Plaintiff Haynes by Defendant Slater used force that was objectively unreasonable.

42.     Defendant Slater engaged in the above acts under color of state law, and with a callous or reckless disregard for Plaintiff Haynes' federally protected rights..

43.     Defendant Slater's unreasonable, excessive force caused Plaintiff Haynes damage as stated in the Damages section of this Complaint herein below.

## COUNT II
### *Fourth/Fourteenth Amendment Violation: False Arrest, 42 U.S.C. § 1983*
### Plaintiff Moneypenny vs. Defendants

44.     All preceding paragraphs are incorporated as if fully re-written herein.

45.     Defendants seized and arrested Plaintiff Moneypenny, despite the fact that Plaintiff Moneypenny had committed no criminal offense or traffic violation, in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

46.     During Plaintiff Moneypenny's arrest by Defendants, Defendants forced Plaintiff Moneypenny to remain handcuffed in their police vehicle against her will for an extended period of time, even driving her to the police station while she remained handcuffed in the police vehicle.

47.     Defendants had absolutely no basis to establish probable cause for violation of any criminal offense or traffic violation at the time of Plaintiff Moneypenny's arrest.

48.     Defendants seized and arrested Plaintiff Moneypenny under color of state law.

49.     Defendants seized and arrested Plaintiff Moneypenny maliciously and with a callous

or reckless disregard for Plaintiff Moneypenny's federally protected rights.

50.    Defendants' false arrest of Plaintiff Moneypenny caused her damages as stated in the Damages section of this Complaint herein below.

## VI.    DAMAGES

51.    All preceding paragraphs are incorporated as if fully re-written herein.

52.    As a direct and proximate result of Defendants' actions, as set forth above, Plaintiffs have been damaged, including but not limited to: physical pain, anguish, embarrassment, humiliation, feelings of powerlessness, harm to self-esteem, emotional distress, fear, anxiety, loss of sense of personal safety and loss of, rejection of, and/or denial of dignity, along with legal fees and costs.

## VII.    PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against the Defendants, jointly and severally, for not less than $25,000.00, including but not limited to:

A.    Compensatory and consequential damages in an amount to be determined by the Court in excess of the Court's jurisdictional amount;

B.    Punitive damages in an amount to be determined at trial, for the willful, reckless, and malicious conduct of Defendants;

C.    Equitable relief, including, without limitation, a written apology from Defendants;

D.    Attorneys' fees and the costs of this action and other costs that may be associated with this action; and

E.    Any and all other relief that this Court deems equitable, just and proper.

Electronically Filed 12/22/2022 15:47 / / CV 22 972989 / Confirmation Nbr. 2733534 / CLDLJ

## VIII.  JURY DEMAND

Plaintiffs respectfully demand a trial by jury of the within matter and all causes of action alleged herein.

Respectfully submitted,

*/s/ Peter C. Soldato*
PETER C. SOLDATO (0099356)
ROBERT F. DICELLO (0072020)
**DICELLO LEVITT LLC**
7556 Mentor Avenue
Mentor, Ohio 44060
P: 440-953-8888
F: 440-953-9138
psoldato@dicellolevitt.com
rfdicello@dicellolevitt.com
*Counsel for Plaintiff*